McBRIDE, Judge.
August Johnson sued Ponthieux and the latter’s automobile liability insurance company, in solido, for a large sum representing alleged personal injuries, expenses, loss of earnings, etc., allegedly sustained by plaintiff when the automobile which he was driving collided with an automobile driven by Ponthieux at the intersection of Louisiana Avenue and Dryades Street in New Orleans, at 2:30 o’clock a. m., July 26, 1958.
After trial, judgment was rendered in favor of defendants dismissing plaintiff’s demands, and he has taken this appeal.
There is only a question of fact involved in the case, and the trial judge stated and analyzed the evidence so well in his written reasons that we shall adopt the following-portion thereof as part of our opinion, to-wit:
“ * * * Plaintiff was proceeding in a downtown direction on Dryades Street and Defendant was proceeding on Louisiana Avenue towards the river.
“Plaintiff and his passenger both testified that plaintiff stopped for a stop sign before proceeding to cross the uptown roadway of Louisiana Avenue and, while stopped there, allowed two automobiles to pass on Louisiana Avenue. On the witness stand plaintiff testified he saw defendant’s automobile three-fourths of a block away; however, on discovery before trial he testified that he had never seen defendant’s automobile prior to the time it hit him. The testimony of the passenger was in agreement with that of the plaintiff at the time of the discovery depositions and also 'in agreement at the time of trial.
“Plaintiff alleges in his petition that after crossing the uptown roadway of Louisiana Avenue, which is a boulevard divided by a neutral ground, he came to a complete stop. On the witness stand, he testified he was moving at the time of the impact.
“The defendant testified that he was proceeding on Louisiana Avenue at a *736 speed of about thirty-five miles per hour, and when he was approximately four car lengths, or some sixty feet, from the corner, he saw plaintiff’s automobile; that he applied his brakes and skidded some fifteen feet; that he then released his brakes with the idea of passing behind plaintiff’s automobile but, seeing cars parked on the other side of Dryades Street on Louisiana Avenue, he was unable to do so and ran into the rear end of the plaintiff’s automobile, turning it completely around and doing some $650 damage to his own car.
“The physical evidence shows that the accident happened about the center of the roadway on Louisiana Avenue and that the plaintiff’s automobile was hit at the left rear fender.
“It is the opinion of the court that if the defendant had been driving at a rate of speed commensurate with his own safety and that of others, he would have been able to bring his car to a stop without causing this amount of damage.
“It is also the opinion of the court that, taking either one of the plaintiff’s conflicting stories, he was guilty of contributory negligence. The intersection was unobstructed and he could see for at least three-fourths of a block down the street. If he did not see the car, as he testified by way of deposition, he is deemed to have seen what he should have seen. The fact that he pre-empted the intersection and was driving at a rate of ten miles per hour does not relieve him of the duty to ascertain the presence of approaching traffic which might interfere with his free and safe passage.
“If he did see the automobile, as he testified on the witness stand, he obviously misjudged the situation and should have allowed the defendant to pass in front of him.”
It was argued strenuously on behalf of plaintiff, both in brief and oral argument, that Ponthieux had the last clear chance to avoid running into plaintiff’s automobile. There is no merit in the contention. Plaintiff’s car entered Louisiana Avenue when the oncoming vehicle was some 60 feet away from the intersection, and it is clear that it was impossible for Ponthieux to have avoided the accident. Even if Pon-thieux’s car had been moving at the legal rate of speed, which is 35 miles per hour for vehicles traveling on Louisiana Avenue, it would have been utterly impossible to have stopped within a distance of 60 feet. And, as the trial judge observed, he could not have swerved to his right for the reason that he would have run into the cars parked along the curb on Louisiana Avenue.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.